## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JONES BRITUS,**

**Plaintiff**

**CASE NO.**

**v.**

**BRADEN RIVER
REHABILITATION CENTER,
LLC., Foreign Limited Liability
Company,**

**Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JONES BRITUS (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against BRADEN RIVER REHABILITATION CENTER, LLC. (hereinafter referred as "BRADEN RIVER" or "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"); the Families First Coronavirus Response Act ("FFCRA") and Emergency Paid Sick Leave Act ("EPSLA"), which are enforced through sections 15(a)(3), 16 and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216-217, as well as

interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1.    This is an action at law that raises a federal question under federal law.

2.    The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

3.    The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4.    Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5.    Plaintiff was an employee of Defendant from approximately August 2008 to May 18, 2020.

6.    Plaintiff was employed by Defendant in Bradenton, Florida.

7.    Defendant is a Foreign Limited Liability Company which operates in Bradenton, Florida, where Plaintiff was employed.

8.     Defendant employs more than fifty (50) employees.

9.     Defendant employs more than fifty (50) employees within 75 miles of Sanford, Florida.

10.    Plaintiff was an "employee" as defined by the FMLA.

11.    Defendant is an "employer" as defined by the FMLA.

12.    Plaintiff was an "employee" as defined by the ADAAA.

13.    Defendant is an "employer" as defined by the ADAAA.

14.    As of the date of his termination, Plaintiff had been employed by Defendants for more than  twelve (12) months.

15.    As of the date of his termination, Plaintiff had been employed by Defendant for more than  1,250 hours of service during the previous twelve (12) month period.

16.    Defendant was subject to the FFCRA during the relevant period.

17.    Among the FFCRA's protections is the EPSLA.

## ADAAA STATUTORY PREREQUISITES

18.    In April 2020, Plaintiff was required to take time off from work after testing positive for the Coronavirus.

19.    Plaintiff was discriminated against based on his need to take time off to be tested and to recover.

20.    Plaintiff is a member of a class of individuals protected by the

ADAAA.

21.    The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

22.    Plaintiffs meet the statutory criteria for coverage as an "employee" under the ADAAA.

23.    At all times material to the allegations herein, Plaintiff was qualified for his Overnight Stocker position with Defendant.

24.    Plaintiff timely filed his Charge of Discrimination with the EEOC on February 1, 2021.

25.    The EEOC issued a Dismissal and Notice of Rights on August 23, 2021.

26.    Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving his  right-to-sue letter.

27.    Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

28.    Plaintiff was hired by Braden River in August 2008, and held the position of CNA.

29.     At all times material, Plaintiff performed well while working for Defendant.

30.    On April 8, 2020, Plaintiff developed symptoms of COVID-19 and

4

decided to get tested for Coronavirus.

31.     Despite knowledge of Plaintiff's symptoms and his testing to determine if he had the Coronavirus, Defendant required Plaintiff to continue working while waiting on the results of his Coronavirus test.

32.     On April 11, 2020, Plaintiff was informed that he had tested positive and was required to quarantine himself from April 17, 2020 to May 7, 2020.

33.     The Department of Health released him to return to work on May 7, 2020.

34.      Braden River required another test before he was allowed to continue working.

35.     He was told he tested negative and took another test to confirm his status.

36.     Plaintiff never received the results of his second test, but was instead told on May 18, 2020 that he was terminated.

37.     Plaintiff had been an employee in good standing until the end of his employment.

38.     Defendant refused to accommodate Plaintiff.

39.     At the time of his termination, Plaintiff was qualified for his position.

40.     Additionally, at the time of his termination, Plaintiff was able to perform the essential functions of his job, with or without accommodation.

41.     At no time during his employment did Defendant counsel or otherwise discipline Plaintiff regarding his performance.

42.     At the time of his termination, Plaintiff worked for a covered employer as defined by the FMLA.

43.     At the time of his termination, Plaintiff was eligible for FMLA leave.

44.     Defendant was aware that Plaintiff had a serious health condition that qualified for FMLA leave and yet, failed to properly advise Plaintiff of his rights under the FMLA.

45.     Defendant's actions constitute interference with Plaintiff's rights under FMLA.

46.     Defendant's actions constitute discrimination and retaliation in violation of Plaintiff's rights under the FMLA.

47.     Defendant's actions also constitute discrimination in violation of Plaintiff's rights under FMLA.

48.     Plaintiff was treated differently than similarly situated non-disabled employees.

49.     Defendant discriminated against Plaintiff for taking necessary time off due to his medical condition.

50.     Defendant terminated Plaintiff in retaliation for taking necessary

time off due to his medical condition.

51.   Congress enacted the FFCRA, in part, to safeguard employees impacted by the COVID-19 pandemic ("COVID-19).

52.   Defendant is subject to the FFCRA.

53.   Among the FFCRA's protections is the EPSLA.

54.   The EPSLA mandates covered employers to provide up to two (2) weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

55.   Additionally, 29 C.F.R. § 826.150 prohibits employers from discharging, disciplining, or discriminating against an employee because employee took paid sick leave under the EPSLA.

56.   Likewise, an Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee has filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the EPSLA, or has testified or is about to testify in any such proceeding.

57.   Defendant interfered with Plaintiff's rights under FFCRA and EPSLA.

58.   Defendant retaliated against Plaintiff in violation of his rights

under FFCRA and EPSLA.

## COUNT I
## INTERFERENCE UNDER THE FMLA

59.     Plaintiff re-alleges and adopts the allegations of paragraphs 1-11; 14-15, and 28-50 above as if fully set forth herein.

60.     Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

61.     Defendant was Plaintiff's employer as defined by the FMLA.

62.     Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

63.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

64.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

65.     Defendant's violations of the FMLA were willful.

66.     Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief followed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE FMLA

67. Plaintiff re-alleges and adopts the allegations of paragraphs 1-11; 14-15, and 28-50 above as if fully set forth herein.

68. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

69. Defendant was Plaintiff's employer as defined by the FMLA.

70. Defendant discriminated and retaliated against Plaintiff because Defendant knew he was eligible for leave under the FMLA.

71. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA

72.     Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

73.     Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

74.     Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

75.     Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

76.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

77.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

78.     Defendant's violations of the FMLA were willful.

79.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and

equitable reliefallowed by law including:

    a.      Back pay and benefits;

    b.      Interest on back pay and benefits;

    c.      Front pay and benefits;

    d.      Compensatory damages for emotional pain and suffering;

    e.      Injunctive relief;

    f.      Prejudgment interest;

    g.      Costs and attorney's fees; and

    h.      Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION UNDER THE ADAAA

82.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-7; 12-13; 18-41; and 48-50 above as if fully set forth herein.

83.    Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

84.    Plaintiff was discriminated against by the Defendant due to his disability in violation of Federal law.

85.    Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

86.    Defendant denied Plaintiff reasonable accommodation as required

by Federal law.

87.     Plaintiff is protected by the ADAAA:

     a.     Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of his disability or "perceived disability" by Defendant; and

     b.     Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

88.     Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

89.     Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

90.     Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

91.     By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

92.     Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

93.     Pleading in the alternative, Plaintiff's impairment did not substantially limita major life activity but was treated by Defendant as if it did.

94.    Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

95.    Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

96.    Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is members of protected classes as envisioned by the ADA.

97.    Plaintiff suffered sufficiently severe and pervasive treatment because of his disability and/or "perceived disability," and request for accommodation regarding same.

98.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

99.    The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

100.   The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

101.   The conduct of Defendant was so willful and wanton, and in such

reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

102.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## <u>COUNT IV</u>
## <u>RETALIATION UNDER THE ADAAA</u>

103.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-7; 12-13; 18-41; and 48-50 above as if fully set forth herein.

104.   Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

105.   Plaintiff was retaliated against by the Defendant due to his disability in violation of Federal law.

106.   Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

107.   Defendant denied Plaintiff reasonable accommodation as required by Federal law.

108.   Defendant terminated Plaintiff because he took necessary time off while hospitalized due to his disability.

109.   Defendant terminated Plaintiff in violation of the ADAAA.

110.   Plaintiff is protected by the ADAAA:

    a.   Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of his disability or "perceived disability" by Defendant; and

    b.   Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

111.   Defendant  was at  all material times an "employer" as envisioned and defined by the ADAAA.

112.   Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

113.   Defendant's actions unquestionably constitute retaliation in

violation of the ADAAA, as amended.

114.   By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

115.   Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

116.   Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

117.   Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

118.   Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

119.   Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is a member of a protected classes as envisioned by the ADA.

120.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

121.   The retaliation to which Plaintiff was subjected was based on his disability and/or "perceived disability."

122.   The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

123.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

124.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## <u>COUNT I – VIOLATION OF THE FFCRA/EPSLA</u>

125.    Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1-7, 16-17, 28-41 and 48-58 above as if fully set forth herein.

126.    The EPSLA requires employers to provide up to two weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

127.    These paid leave provisions apply to leave taken between April 1, 2020, and December 31, 2020**.**

128.    Paid sick time under the EPSLA must be granted in addition to any pre-existing paid leave benefits provided.

129.    The EPSLA also prohibits employers from requiring employees to use or exhaust their paid time off before availing themselves of paid leave under the Act.

130.    Plaintiff was entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because he was advised by a health care provider to self-isolate (and was required to do so by governmental order) due to his COVID-19 diagnosis.

131.    Defendant disregarded its obligations under the EPSLA and terminated Plaintiff prior to his receiving a negative test, which would allow

him to return to work.

132.    This is a direct violation of EPSLA's requirements.

133.    An Employer who fails to provide its Employee Paid Sick Leave under the EPSLA is considered to have failed to pay the minimum wage as required by section 6 of the FLSA, 29 U.S.C. 206, and shall be subject to the enforcement provisions set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

134.    Defendant's violation of the EPSLA's requirements was willful.

135.    As a direct and proximate result of FERMAN's violation of the EPSLA, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b.     Order Defendant to make Plaintiff whole, by compensating Plaintiff for unpaid sick leave wages, lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of his long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

c.    Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d.    Award punitive damages; and

e.    Award any other relief this Honorable Court deems just and proper.

## **COUNT II – RETALIATION UNDER THE FFCRA**

136.    Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1-7, 16-17, 28-41 and 48-58 above as if fully set forth herein.

137.    The EPSLA prohibits employers from discharging or otherwise discriminating against any employee because the employee took qualifying paid sick leave.

138.    Plaintiff took qualifying sick leave due to COVID-19.

139.    Plaintiff's sick leave due to COVID-19 was protected activity.

140.    Despite the EPSLA's requirements, Defendant unlawfully terminated Plaintiff after he took leave as a result of his COVID-19 diagnosis.

141.    An Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection 29 CFR § 826.150 (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

142.    Defendant violated Plaintiff's right under the EPSLA and FLSA.

143.    Plaintiff's termination was an adverse employment action.

144.    A causal connection exists between Plaintiff's protected activity and adverse employment action.

145.    As a direct and proximate result of Defendant's retaliation, Plaintiff suffered damages.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b.    Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of his long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

c.    Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d.    Award punitive damages; and

e.    Award any other relief this Honorable Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this  17th   of November 2021.

> Respectfully submitted,
> s/ Edward W. Wimp
> Edward W. Wimp, Esquire
> FBN: 1015586
> Anthony Hall, Esquire
> FBN: 0040924
> THE LEACH FIRM, P.A.
> 631 S. Orlando Ave., Suite 300
> Winter Park, FL 32789
> Telephone: (407) 574-4999
> Facsimile: (833) 813-7513
> Email: ewimp@theleachfirm.com
> Email: ahall@theleachfirm.com
> Attorneys for Plaintiff